# EXHIBIT A

## AFFIDAVIT IN SUPPORT OF APPLICATION
## TO RETAIN MORGAN JOSEPH TRIARTISAN LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **DAIRY PRODUCTION SYSTEMS-** | ) | Case No. 10-11752-JDW |
| **GEORGIA LLC, DAIRY** | ) | |
| **PRODUCTION SYSTEMS, LLC,** | ) | |
| **DAIRY PRODUCTION SYSTEMS-** | ) | |
| **MISSISSIPPI, LLC, NEW FRONTIER** | ) | |
| **DAIRY, LLC, and HEIFER** | ) | |
| **HAVEN, LLC** | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

## AFFIDAVIT OF JAMES D. DECKER IN SUPPORT OF
## APPLICATION FOR AUTHORITY TO RETAIN
## MORGAN JOSEPH TRIARTISAN LLC AS FINANCIAL ADVISOR
## AND INVESTMENT BANKER
## TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 24, 2011

Personally appeared before the undersigned officer, duly authorized to administer oaths in the State of Georgia, James D. Decker, who after being duly sworn, deposes and states as follows:

1.      I am a Managing Director of Morgan Joseph TriArtisan LLC ("Morgan Joseph"), which maintains offices at 600 Fifth Avenue, 19th Floor, New York, New York. I submit this affidavit in support of the application (the "Application") of Dairy Production Systems - Georgia LLC, ("DPS-Georgia"), Dairy Production Systems, LLC ("DPS"), Dairy Production Systems - Mississippi, LLC ("DPS-Mississippi"), New Frontier Dairy, LLC ("New Frontier Dairy"), and Heifer Haven, LLC ("Heifer Haven"; DPS-Georgia, DPS, DPS Mississippi, New Frontier Dairy, and Heifer Haven are collectively, the "Debtors"), for an order pursuant to 11 U.S.C. §§ 327(a) and 328(a) and Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") authorizing and approving the employment and retention of Morgan Joseph as financial advisor and investment banker to the Debtors, on the terms set forth in the Engagement Letter (as defined in the Application).

2.     The financial advisory services Morgan Joseph has been engaged to provide to the Debtor are as follows:

a.   <u>Financial Advisory Services:</u> Morgan Joseph will:

iii.   assist and advise the Debtors with the analysis of the Debtors' business, business plan, and strategic and financial position; and

iv.   assist with the formulation, evaluation, implementation of various options for a restructuring, financing, reorganization, merger, or sale of the Debtors, or their assets or businesses.

b.   <u>Restructuring Advisory Services:</u>   If the Debtors pursue a Restructuring Transaction, Morgan Joseph will:

v.   provide financial advisory services to the Debtors in connection with developing, and seeking approval for, a restructuring plan (a "Plan"), which may be a plan under the Bankruptcy Code;

vi.   provide financial advisory services to the Debtors in connection with the structuring of any new securities to be issued under the Plan;

vii.   assist the Debtors in negotiations with creditors, shareholders and other appropriate parties-in-interest; and

viii.   if necessary, participate in hearings before the bankruptcy court with respect to matters upon which Morgan Joseph has provided advice, including coordinating with the Debtors' counsel with respect to testimony in connection therewith.

c.   <u>Financing Advisory Services:</u>   If the Debtor pursues a Financing Transaction, Morgan Joseph will:

vi.   if necessary, assist in preparing a private placement memorandum (with any amendments and supplements thereto, the "Private Placement Memorandum") for distribution and presentation to prospective Investors (as defined below);

vii.   assist in identifying and contacting prospective Investors (as defined below) as well as in soliciting indications of interest in a Financing Transaction among prospective Investors;

viii.   assist in evaluating indications of interest received from prospective Investors;

ix.   assist in negotiating the financial terms and structure of a Financing Transaction; and

x.   provide other financial advisory service and investment banking services reasonably necessary to accomplish the foregoing and consummate a Financing Transaction.

d.   <u>Sale Advisory Services</u>:   If the Debtor pursues a Sale Transaction, Morgan Joseph will:

vii.   if necessary, assist in preparing an offering memorandum (with any amendments and supplements thereto, the "Sale Memorandum") for distribution and presentation to prospective purchasers;

viii.   assist in soliciting interest in a transaction among prospective purchasers;

ix.   assist in evaluating proposals received from prospective purchasers;

x.   advise the Debtors as to the structure of the Sale Transaction, including the valuation of any non-cash consideration;

xi.   assist in negotiating the financial terms and structure of a Sale Transaction; and

xii.   provide other financial advisory service and investment banking services reasonably necessary to accomplish the foregoing and consummate a Sale Transaction.

3.   I and the other professionals employed by Morgan Joseph are qualified to act as the Debtors' financial advisors and investment bankers. Morgan Joseph has the requisite experience to perform the services specified above. Morgan Joseph specializes in working on behalf of distressed companies or creditor constituencies that are parties-in-interest to

underperforming and troubled companies, and it and its employees have had extensive restructuring and transactional experience in many industries.

4. Given the magnitude of these Bankruptcy Cases, it is conceivable that Morgan Joseph may have rendered services to, and may continue to render services to, or have other connections with, certain parties-in-interest or interests adverse to such creditors or parties-in-interest in matters wholly unrelated to these Chapter 11 cases beyond those specified below. More specifically, Morgan Joseph and its principals and employees have had and will continue to have (i) unrelated business associations with certain parties-in-interest, (ii) unrelated business associations with entities having interests adverse to such parties-in-interest, including providing similar services to companies whose creditors are also creditors of the Debtors, and (iii) investments in certain of the Debtors' creditors or interest holders that are public companies or investment funds and in companies whose creditors are also creditors of one or more of the Debtors. However, in each case, the association or investment, as the case may be, is completely unrelated to these Chapter 11 cases.

5. Morgan Joseph has performed a conflict check with respect to a list of creditors and equity holders and other interested parties, which is attached hereto as Exhibit 1 (the "Interested Parties List"). To the best of my knowledge, information and belief, there are no creditors or interest holders on the Interested Parties List that Morgan Joseph is currently providing services to or has provided services to within the past three (3) years.

6. Morgan Joseph has not shared or agreed to share any of its compensation for its services to the Debtors with any other person, other than with a principal or employee of Morgan Joseph, as permitted by Section 504 of the Bankruptcy Code.

7.     Except as otherwise set forth herein, to the best of my knowledge, information and belief and based on the foregoing (i) Morgan Joseph does not hold or represent any interest adverse to the Debtors, their creditors or other parties-in-interest, as identified to Morgan Joseph on the Interested Parties List, with respect to the matters upon which Morgan Joseph is to be engaged, and (ii) Morgan Joseph is not connected with the Debtors, their creditors or other parties-in-interest on the Interested Parties List.     Accordingly, I respectfully submit that Morgan Joseph is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code.

8.     Morgan Joseph's present and former clients and such clients' affiliates, officers, directors, principal shareholders, and their respective affiliates may have had relationships with the foregoing entities of which Morgan Joseph was not informed or may have developed relationships of which Morgan Joseph is unaware subsequent to the performance of Morgan Joseph's services.     Despite the efforts described above to identify and disclose Morgan Joseph's connections with parties-in-interest in these bankruptcy cases, because the Debtors constitute large enterprises with numerous unidentified creditors and other relationships, Morgan Joseph is unable to state with certainty that every client representation or other connection has been disclosed.     In this regard, if Morgan Joseph discovers additional information that requires disclosure, Morgan Joseph will file a supplemental disclosure with the Court as promptly as possible.

9.     The Debtor and Morgan Joseph have agreed that Morgan Joseph will receive a monthly fee of Fifty Thousand Dollars and No/Cents ($50,000) per month in addition to transaction success fees as well as reimbursement for reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, research, messenger, and

telephone charges. In addition, Morgan Joseph will seek reimbursement for the reasonable fees and expenses of its counsel incurred in connection with the preparation, negotiation, approval and enforcement of the Engagement Letter Agreement.

10. As set forth more fully in the Indemnity Agreement attached to the Engagement Letter Agreement, the Debtors have agreed to indemnify Morgan Joseph, its shareholders, employees, agents, and representatives from and against any losses, claims, damages, liabilities, penalties, obligations, and expenses related to, based upon or arising out of their performance of their obligations under the Letter Agreement, other than losses, claims, damages, liabilities or expenses that are the result of Morgan Joseph's or such other indemnified party's gross negligence or willful misconduct.

11. I further state that, to the best of my knowledge, information and belief, the proposed engagement of Morgan Joseph is not prohibited by Rule 5002 of the Bankruptcy Rules.

12. I further state that this affidavit is in accordance with Section 327 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

FURTHER AFFIANT SAYETH NOT.

James D. Decker
Managing Director of
Morgan Joseph TriArtisan LLC

Sworn to and subscribed before
me this 28 day of March, 2011

Notary Public

My Commission expires:_____



PAMELA J. CHILDERS
Notary Public, Georgia
Henry County
My Commission Expires
April 13, 2014

**EXHIBIT 1**

## CREDITORS HOLDING SECURED CLAIMS - NFD

FCC Equipment Financing
P.O. Box 56347
Jacksonville, FL 32241

Jay Proctor
P.O. Box 108
Lingleville, TX 76461

John Deere Credit
P.O. Box 650215
Dallas, TX 75265

Lone Star Milk Producers
c/o Sonia Fabian
217 Baird Lane
Windthorst, TX 76389

## CREDITORS HOLDING SECURED CLAIMS – DPS GEORGIA

Agricultural Funding Solutions,
LLC
f/k/a CFH Investments, LLC
2595 Canyon Blvd
Suite 420
Boulder, CO 80302

FCC Equipment Financing
P.O. Box 56347
Jacksonville, FL 32241

## CREDITORS HOLDING SECURED CLAIMS – DPS MISSISSIPPI

Agricultural Funding Solutions,
LLC
f/k/a CFH Investments, LLC
2595 Canyon Blvd
Suite 420
Boulder, CO 80302

Cal-Maine Foods, Inc.
P.O. Box 2960
Jackson, MS 39207

Farm Credit Leasing
NW-9675
P.O. Box 1450
Minneapolis, MN 55485

John Deere Credit
P.O. Box 650215
Dallas, TX 75265

## CREDITORS HOLDING SECURED CLAIMS – DPS LLC

Agricultural Funding Solutions,
LLC
f/k/a CFH Investments, LLC
2595 Canyon Blvd
Suite 420
Boulder, CO 80302

Central Florida Electric Coop,
Inc.
P.O. Box 9
Chiefland, FL 32644

Dairy Farmers of America
10411 Cogdill Road
Knoxville, TN 37932

John Deere Credit
P.O. Box 650215
Dallas, TX 75265

## CREDITORS HOLDING SECURED CLAIMS – HEIFER HAVEN

Agricultural Funding Solutions,
LLC
f/k/a CFH Investments, LLC
2595 Canyon Blvd
Suite 420
Boulder, CO 80302

# TOP 20 UNSECURED CREDITORS

Agricultural Funding Solutions, LLC
f/k/a CFH Investments, LLC
2595 Canyon Blvd.
Suite 240
Boulder, CO 80302

2H Construction
11245 Hwy, 112
Albany, GA 31705

83 Custom, Inc.
3340 NW 57th Trail
Bell, FL 32619

Concrete Enterprises
P.O. Box 1561
Albany, GA 31702

David I. Peterson, Inc.
P.O. Box 1561
Albany, GA 31702

EAU Technologies
1890 Cobb International Blvd.
Suite A
Register, GA 30452

Farm Plan
P.O. Box 4450
Schaumberg, IL 60194

Furst McNess
Company
P.O. Box 168
Wellborn, FL 32094

GEA Farm Technologies, Inc.
P.O. Box 12045
Newark, NJ 07101

GEA WS Southeast
6551 Broadway Ave.
Jacksonville, FL 32254

Global Agri Trade
Corp.
Wells Fargo Business
Credit Dept. 1494
Denver, CO 80291-1494

Joe B. Adams and Sons
5894 Old Hwy. GA 3
Camilla, GA 31730

Kay Enterprises
P.O. Box 99
Mona, UT 84645

Mitchell Electric
P.O. Box 409
Camilla, GA 31730

Norvel Reed, Jr.
P.O. Box 1111
Trenton, FL 32693

Professional Veterinary Pro
10077 South 134th St.
Omaha, NE 68138

Richard Beasley
8011 Morey Hill Road
Doerun, GA 31744

S-C Cattle Company
850 N.E. 150 St.
Trenton, FL 32693

Sanimax Marketing Inc.
39379 Treasury Center
Chicago, IL 60694

Sonny Lamberth
1082 Hwy. 93 North
Sale City, GA 31784

Westway Feed Products, Inc.
(GA)
23 Network Place
Chicago, IL 60673-1236